UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **PHH MORTGAGE CORPORATION,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL NO. 1:20-CV-00790-LY-SH** |
| **MARCUS STEWART, ANGELA** | § | |
| **GOODMAN, AND CARRIE** | § | |
| **STEWART AS THE LEGAL** | § | |
| **GUARDIAN FOR MINOR** | § | |
| **CHILDREN L.S., J.S., AND Z.S.,** | § | |
| | § | |
| *Defendants* | § | |

**O R D E R**

Before the Court is Plaintiff's Second Motion for Substituted Service by Publication on Angela Goodman (Dkt. 9), filed November 13, 2020. On July 27, 2020, the District Court referred all pending and future nondispositive and dispositive motions to the undersigned for resolution and Report and Recommendation, respectively, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

On July 24, 2020, Plaintiff PHH Mortgage Corporation, as a secured lienholder, filed suit against Marcus Stewart, Angela Goodman, and Carrie Stewart, as the Legal Guardian for L.S., J.S. and Z.S. ("Defendants"), seeking judgment allowing foreclosure on interests concerning real property located at 205 Lidell Street, Hutto, Texas 78634.

On October 15, 2020, Plaintiff filed its first Motion for Substituted Service on Defendant Angela Goodman (Dkt. 6), pursuant to Federal Rule of Civil Procedure 4(e)(1) and Texas Rule of Civil Procedure 111. In support of that motion, Plaintiff provided a sworn declaration from attorney Samin Hessami stating that he exercised due diligence in attempting to locate and serve Goodman by (1) using "information" provided by an investigator into the potential heirs of the

1

borrower of the subject loan and (2) "information I found by searching public records . . . . " Dkt. 6-2 at 2-3. Plaintiff also attached "Affidavits of Due Diligence" showing that it attempted to serve Goodman at two locations: (1) a residential address in Killeen, Texas, and (2) Austin Restoration Ministries, in Austin, Texas. *Id.* at 5-6. Because Plaintiff failed to demonstrate "due diligence for the alternative service," the Court denied the motion. Dkt. 8 at 3. In its Order, the Court noted that Plaintiff's supporting attachments failed to explain how Plaintiff found these addresses and whether they were believed to be Goodman's residence or workplace. *Id.* at 2-3. The Court also noted that Plaintiff failed to state whether Goodman's address is "unknown," that Goodman is a "transient person," or that she is a non-resident. *Id.* at 3. Accordingly, the Court found that "Plaintiff has failed to demonstrate that it has been diligent in its efforts to locate Goodman." *Id.* at 2.

Plaintiff again asks the Court to authorize substituted service on Goodman by publication. Instead of curing the inadequacies contained in its first Motion, however, Plaintiff simply refiled its First Motion for Substituted Service, along with substantially identical attachments. Accordingly, Plaintiff once again has failed to demonstrate due diligence for alternative service, and its Motion for Substituted Service by Publication on Angela Goodman (Dkt. 9) is **DENIED**.

**SIGNED** on November 17, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE