UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PHH MORTGAGE CORPORATION,<br>*Plaintiff*<br><br>v.<br><br>MARCUS STEWART, ANGELA GOODMAN, and CARRIE STEWART AS THE LEGAL GUARDIAN FOR MINOR CHILDREN L.S., J.S., and Z.S.,<br>*Defendants* | §<br>§<br>§<br>§<br>§   CIVIL NO. 1:20-CV-00790-LY-SH<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER**

Before the Court is Plaintiff's Motion for Appointment of Guardian Ad Litem and Attorney Ad Litem, filed May 26, 2021 (Dkt. 22). On July 27, 2020, the District Court referred all motions to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 4.

**I.   Background**

On May 27, 2008, Gwendlin Stewart executed a loan agreement in the principal amount of $149,083 (the "Note") for real property located at 205 Lidell Street, Hutto, Texas 78634 (the "Property"), payable to Alethes, LLC. Plaintiff's Amended Complaint, Dkt. 10 ¶¶ 12-13. Concurrently with the execution of the Note, Gwendlin Stewart executed a Deed of Trust granting Alethes and its successors and assignees a security interest in the Property. *Id.* ¶ 13. Alethes then assigned the Deed of Trust to GMAC Mortgage, LCC, which in turn assigned it to Ocwen Loan Servicing LLC. *Id*. ¶ 14. Plaintiff PHH Mortgage Corporation is a wholly owned subsidiary of Ocwen Loan Servicing, LLC and the legal owner and holder of the Note. *Id.* ¶ 15.

1

On September 18, 2019, Plaintiff sent Gwendlin Stewart a notice of intention to foreclose, notifying her that the Loan was in default. *Id.* ¶ 20. On October 5, 2019, Gwendlin Stewart passed away intestate. *Id.* ¶ 2. Under the Texas Estates Code, Defendants Marcus Stewart, Angela Goodman, and Carrie Stewart, as temporary legal guardian for Gwendlin Stewart's minor adopted children, L.S., J.S., and Z.S., acquired all interest in the Property on her death. *Id.* ¶¶ 3-6, 18.

Plaintiff filed this suit against Defendants, seeking a declaratory judgment that the Loan is in default and authorizing it to foreclose on the Property. Plaintiff successfully served Marcus Stewart and Carrie Stewart as temporary legal guardian of Gwendlin Stewart's minor children. Dkts. 14, 15. Plaintiff was unable to locate Goodman and therefore completed service by publication. Dkt. 20. To date, Carrie Stewart and Goodman have neither appeared nor answered.

Plaintiff now moves the Court to appoint a guardian ad litem to represent the interests of Gwendlin Stewart's minor children and an attorney ad litem to represent Goodman.

## II.   Analysis

A guardian ad litem is a substitute party appointed to assist in protecting a minor's interests; an attorney ad litem takes actions to prosecute or defend claims. *Arndt v. Wells Fargo Bank NA*, 373 F. Supp. 3d 701, 707 n.2 (N.D. Tex. 2016); *Jocson v. Crabb*, 133 S.W.3d 268, 271 (Tex. 2004). The Court addresses each in turn.

### A. Guardian Ad Litem

Whether the Court should appoint a guardian ad litem to act on behalf of a minor is a procedural question governed by Federal Rule of Civil Procedure 17(c), which provides that:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Appointment of a guardian ad litem "is important not only to ensure that the minor's rights and interests are fully protected in cases where the minor is otherwise represented and there may be conflicts of interest, but also to ensure that the minor has proper access to the federal judicial system at all." *Gaddis v. United States*, 381 F.3d 444, 453-54 (5th Cir. 2004).

Generally, a federal court cannot appoint a guardian ad litem in an action in which the minor already is represented by someone who is considered appropriate under the law of the forum state. *Rice ex rel. CIR v. Cornerstone Hosp. of West Monroe, LLC*, 589 F. App'x 688, 691 (5th Cir. 2014). It is well recognized, however, that Rule 17(c) empowers a court to appoint a guardian ad litem if the infant's legal representative is unable or refuses to act. *Susan R.M. ex rel. Charles L.M. v. Northeast Indep. Sch. Dist.*, 818 F.2d 455, 458 (5th Cir. 1987).

Plaintiff's Complaint was served on Carrie Stewart, temporary legal guardian for Gwendlin Stewart's minor adopted children, L.S., J.S., and Z.S., on November 23, 2020, but she has not appeared on behalf of the children. Nor did Carrie Stewart respond to Plaintiff's Motion seeking appointment of a guardian ad litem. Carrie Stewart's inability or unwillingness to pursue claims on the minors' behalf, as reflected by her silence, essentially has left them unrepresented. *See Rice*, 589 F. App'x at 691 (stating that district court's appointment of guardian ad litem was necessary to protect minors' interests given failure of parent to join the suit on their behalf). The Court finds that appointment of a guardian ad litem is necessary to protect the interests of Gwendlin Stewart's minor children, L.S., J.S., and Z.S. *See U.S. v. Simmons*, 590 F. App'x 367, 369 (5th Cir. 2014); *Bank of N.Y. Mellon v. Reese*, No. 1:20-CV-084-LY-SH, 2020 WL 5630417, at *2 (W.D. Tex. Sept. 20, 2020) (appointing guardian ad litem under Rule 17(c)(2) for unrepresented defendant in foreclosure case) (citing *Simmons,* 590 F. App'x at 369).

### B. Attorney Ad Litem

Texas Rule of Civil Procedure 244 applies to federal district court cases in Texas involving service by publication. *Deutsche Bank Nat'l Trust Co. v. McKnight*, No. 4:15-CV-00310, 2017 WL 655657, at *4 (S.D. Tex. Feb. 17, 2017) (citing FED. R. CIV. P. 4(e)). It states:

> Where service has been made by publication, and no answer has been filed nor appearance entered within the prescribed time, the court shall appoint an attorney to defend the suit on behalf of the defendant, and judgment shall be rendered as in other cases; but in every such case a statement of the evidence, approved and signed by the judge, shall be filed with the papers of the cause as a part of the record thereof. The court shall allow such attorney a reasonable fee for his services, to be taxed as part of the costs.

TEX. R. CIV. P. 244. Strict compliance with Rule 244 is required if service is made by publication. *Albin v. Tyler Prod. Credit Ass'n*, 618 S.W.2d 96, 98 (Tex. Civ. App.—Tyler 1981, no pet.).

Goodman was served by publication and has not appeared. The Court therefore finds it appropriate to appoint an attorney ad litem for Goodman.

### III.   Order

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Guardian Ad Litem and Attorney Ad Litem (Dkt. 22) is **GRANTED**.

The Court **HEREBY APPOINTS Ellen P. Stewart #00797499** as guardian ad litem to represent Gwendlin Stewart's minor children, L.S., J.S., and Z.S.'s interests in this litigation. On or before **November 12, 2021**, the guardian ad litem shall file a report with the Court detailing her activities on behalf of L.S., J.S., and Z.S., and answer or otherwise respond to Plaintiff's Amended Complaint.

The Court **HEREBY APPOINTS John A. Crane #05006490** as attorney ad litem to represent Angela Goodman in this litigation. On or before **November 12, 2021**, the attorney ad litem shall

file a report with the Court detailing his activities on behalf of Angela Goodman and answer or otherwise respond to Plaintiff's Amended Complaint.

**IT IS FURTHER ORDERED** that Ellen P. Stewart, for her services as guardian ad litem, and John A. Crane, for his services as attorney ad litem, shall be paid a reasonable fee that shall be taxed as costs of Court.

**IT IS FINALLY ORDERED** that the Clerk notify Ellen P. Stewart and John A. Crane of all filings in this case.

**SIGNED** on September 10, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE